**Martina Ayde RODAS–ESCOBAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71580.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Adolfo Ojeda–Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Martina Ayde Rodas–Escobar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals order affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the factual determination that a petitioner has failed to demonstrate eligibility for asylum, *Ochave v. INS,* 254 F.3d 859, 861–62 (9th Cir. 2001), and review de novo due process claims, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's determination that Rodas–Escobar failed to establish that she had been persecuted or that she had a well-founded fear of future persecution. Rodas–Escobar testified that her family had never been physically harmed by the guerillas, and that

---

she feared returning to El Salvador because she feared violence from criminal gangs. She also testified that her five children remain in El Salvador, unharmed. Based on this evidence, a reasonable factfinder would not be compelled to conclude that Rodas–Escobar established eligibility for asylum or withholding of removal. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). At most, Rodas–Escobar established a fear of future persecution by criminal gangs, which does not constitute grounds for relief. *See id.* at 967 ("mere generalized lawlessness" not sufficient grounds to demonstrate the individualized persecution necessary to establish eligibility for asylum); *See also Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (a claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident).

Substantial evidence also supports the agency's denial of Rodas–Escobar's CAT claim because she failed to show that it was more likely than not that she would be tortured if she returned to El Salvador. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Rodas–Escobar's contention that the IJ denied her a fair hearing by an impartial adjudicator is unpersuasive because she did not demonstrate that the IJ prevented her from reasonably presenting her case, or that the outcome of her case was affected. *See Halaim v. INS,* 358 F.3d 1128, 1136 (9th Cir.2004) (petitioner must show prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.